IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ONG VUE, | ) |
|     Petitioner, | ) |
| v. | ) No. CIV-16-926-HE |
| JOE M. ALLBAUGH, INTERIM DIRECTOR OF OKLAHOMA DEPARTMENT OF CORRECTIONS, | ) |
|     Respondent.[1] | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[2] For the following reasons, it is recommended that the Petition be denied.

Petitioner filed a "Petition for Writ of Habeas Corpus under [28] U.S.C. § 2241" in this action on August 12, 2016. (Doc. # 1). Petitioner states that he is currently confined at

---

[1] The only Respondent named in the Petition is the United States Immigration and Customs Enforcement Agency. However, the proper respondent to a 28 U.S.C. § 2241 habeas petition is "the person who has custody over [the petitioner]," which in this case is Joe M. Allbaugh, Interim Director of the Oklahoma Department of Corrections. 28 U.S.C. § 2242.

[2] Rule 4 is applied in the discretion of the undersigned to this 28 U.S.C. §2241 habeas Petition. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

1

a private prison, the Dick Conner Correctional Center ("DCCC") in Hominy, Oklahoma, serving sentences for his convictions for Murder in the First Degree and Shooting with Intent to Kill (two counts) entered on May 29, 1998, in the District Court of Cleveland County, Oklahoma, Case No. CRF-97-628.

Petitioner states in the Petition that in removal proceedings conducted in August 1999 an immigration judge ordered him to be removed from the United States to Thailand or in the alternative to Laos and that he did not appeal this immigration decision.

Petitioner next argues that his state court convictions are unlawful because (1) he was not advised of his rights under the Vienna Convention on Consular Relations and those rights were violated during his interrogation by law enforcement officials and (2) he was not advised of the deportation consequences of his plea agreement. Petitioner next argues that he has been incarcerated for more than 19 years and "[d]uring this period the state of his people, the Hmong, has not changed in Laos or Thailand."

Petitioner next provides details of his activities during his incarceration that he believes "will exponentially increase Petitioner's odds at a successful transition from prison to society . . . ." Finally, Petitioner requests that this Court "withhold the deportation order and adjust Petitioner's status to that of Lawful Permanent Resident and reinstat[e] Petitioner's original Alien Registration Card and correlating Number waiving the 90 day removal period in lieu of <u>Zadvydas</u> and discharge Petitioner rather than reincarcerate him because Petitioner has no country he can call home other than the [US], or in the alternative grant Petitioner political asylum."

Public records available on the internet show that in May 1998 Petitioner was convicted of first degree murder and two counts of shooting with intent to kill following his entry of a plea of nolo contendere in the District Court of Cleveland County, Oklahoma. Petitioner was sentenced to life impairment for the murder conviction and two 20-year terms of imprisonment for the shooting with intent to kill convictions. The 20-year terms were ordered to run concurrently with each other but consecutively to the life term.

In a discretionary 120-day review of Petitioner's sentences, the district court ordered that the sentences for the murder conviction and one of the shooting with intent to kill convictions run concurrently rather than consecutively.

Petitioner is in state custody serving these sentences. Petitioner did not appeal the convictions and sentences. However, Petitioner recently applied for post-conviction relief in the state district court in July 2016.

I. Request for Relief from Order of Removal

As explained by Justice Kagan in a recent Supreme Court decision, "[t]he Immigration and Nationality Act (INA or Act) imposes certain adverse immigration consequences on an alien convicted of an 'aggravated felony.'" Torres v. Lynch, 136 S.Ct. 1619, 1622 (2016). "The INA makes any alien convicted of an 'aggravated felony' after entering the United States deportable. See § 1227(a)(2)(A)(iii). Such an alien is also ineligible for several forms of discretionary relief, including cancellation of removal—an order allowing a deportable alien to remain in the country. See § 1229b(a)(3). And because of his felony, the alien faces expedited removal proceedings. See § 1228(a)(3)(A)." Id. "[A]n offense is an aggravated

3

felony if, for example, it is 'murder, rape, or sexual abuse of a minor.' § 1101(a)(43)(A)." Id. Finally, "an offense listed in § 1101(a)(43) is an aggravated felony whether in violation of federal, state, or foreign law." Id.

Petitioner does not argue that his convictions do not qualify as aggravated felonies for the purpose of the INA. Rather, Petitioner seeks cancellation of an order of removal because the members of his ethnic group, Hmong, have been persecuted and because he believes he has been rehabilitated during his incarceration. But the relevant statute provides that the Attorney General MAY cancel removal for a permanent resident[3] only if that resident has not been convicted of an aggravated felony. 8 U.S.C. § 1229b(a)(3). Petitioner clearly does not qualify for cancellation of the final removal order.

Moreover, federal courts can review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. §1252(d)(1). Federal courts lack jurisdiction to consider unexhausted claims. Akinwunmi v. INS, 194 F.3d 1340, 1341 (10th Cir. 1999). Petitioner admits he did not appeal the immigration decision rendered in 1999, and he has not shown that he has exhausted his claims. Accordingly, Petitioner's request for relief from the removal order should be dismissed for lack of jurisdiction.

II. Construction of Habeas Petition

In Petitioner's remaining claims, Petitioner appears to be challenging the validity of

---

[3]Petitioner alleges that his Notice to Appear for removal proceedings stated that his status had been adjusted to that of a lawful permanent resident on May 29, 1985.

4

his 1998 convictions and sentences. A petition under 28 U.S.C. § 2241 challenges the execution of a sentence, rather than the validity of a sentence. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence . . . ."). Although Petitioner requests relief under 28 U.S.C. § 2241, he is actually challenging, at least in part, the validity of his convictions and sentences.

To the extent Petitioner alleges that his state convictions and sentences are invalid, the Petition is construed as one seeking relief under 28 U.S.C. § 2254. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000)(noting "an action is properly brought under § 2254 as a challenge to the validity of [the prisoner's] conviction and sentence or pursuant to § 2241 as an attack on the execution of his sentence"); McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997)("A habeas corpus proceeding 'attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement.").

III. Exhaustion and Statute of Limitations Governing § 2254 Petition

Before a federal court may grant habeas relief under 28 U.S.C. § 2254 to a state prisoner, the prisoner must exhaust available remedies in state court, or demonstrate that there is an absence of available state remedies or that circumstances exist that render the state process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)(exhaustion requirement is satisfied when state prisoner has given state courts an opportunity to act on his claims before he presents those claims to federal court in a habeas petition). "For a federal court to consider a federal

constitutional claim in an application for habeas, the claim must be 'fairly presented to the state courts' in order to give state courts the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Prendergast v. Clements, 699 F.3d 1182, 1184 (10th Cir. 2012)(quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). Where a habeas petitioner has not exhausted available state remedies, "[g]enerally a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." Bland v. Sirmons, 459 F.3d 999, 1012 (10th Cir. 2006).

Petitioner admits that he did not appeal his state convictions and sentences. Thus, it is clear from the face of the Petition that Petitioner has not satisfied the exhaustion requirement. Under these circumstances, the Petition should be dismissed without prejudice for lack of exhaustion. See Allen v. Zavaras, 568 F.3d 1197, 1202 (10th Cir. 2009)(affirming district court's *sua sponte* dismissal of habeas action for failure to exhaust where nonexhaustion is "clear from the face of the petition"). Moreover, the Petition should be dismissed because it is untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, imposes a one-year statute of limitation with respect to the filing of a 28 U.S.C. § 2254 petition by a state prisoner. 28 U.S.C. § 2244(d)(1). As an Oklahoma prisoner seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996).

Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period begins to run from

"the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[4] Because Petitioner did not file a motion to withdraw his plea or timely seek to appeal the plea-based convictions, the convictions in Case No. CRF-97-628 became "final" under 28 U.S.C. § 2244(d)(1)(A) on June 9, 1998, ten days after the pronouncement of the judgment and sentence. See Okla. Stat. tit. 22, §1051; Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, App. The one-year limitations period for filing a federal habeas petition challenging these convictions expired one year later, on June 9, 1999, absent statutory or equitable tolling exceptions. Petitioner's post-conviction application filed in 2016 did not toll the limitation period because it was filed many years after the limitations period expired. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006); Fisher v. Gibson, 262 F.3d 1135, 1142-1143 (10th Cir. 2001).

The limitations period may be equitably tolled in extraordinary circumstances. Holland v. Florida, 560 U.S. 631, 645 (2010). See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir 2000)(AEDPA's statute of limitations subject to equitable tolling in "rare and exceptional circumstances"). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418

---

[4]Petitioner has not alleged that another starting point, such as the date on which he discovered the factual predicate for his claims, would be appropriate. See 28 U.S.C. §2244(d)(1)(B)-(D).

7

(2005).  Simple excusable neglect is not sufficient and a claim of insufficient access to relevant law, such as the AEDPA, is also not enough to support equitable tolling.  Gibson, 232 F.3d at 808.  Moreover, ignorance of the law generally and the AEDPA in particular does not excuse untimely filing.  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

"[A]ctual innocence, if proved serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] expiration of the statute of limitations." McQuiggin v. Perkins, __ U.S. __, 133 S.Ct. 1924, 1928 (2013).  However, equitable tolling of the limitations period for actual innocence is appropriate only in rare instances in which the petitioner shows that "'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).  See House v. Bell, 547 U.S. 518 (2006)(actual innocence claims require "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial")(quotation omitted).  If a prisoner makes a "substantial claim of actual innocence," the prisoner need not show due diligence in pursuit of federal habeas relief.  Lopez v. Trani, 628 F.3d 1228, 1230 (10th Cir. 2010).

Petitioner has not alleged any grounds for applying equitable tolling that would extend the limitations period from 1999 to the date of filing of his Petition.  Petitioner entered a nolo contendere plea, and he does not allege he is actually innocent.  Petitioner alleges that he "timely raised the implications of Article 36 of the Vienna Convention on Consular

8

relations (VCCR) prior to trial . . . ." Petitioner does not allege why he failed to appeal the trial court's apparent decision that no denial of his rights under the VCCR occurred. Petitioner alleges that "the trial court and defense counsel never informed Petitioner of the deportation consequences of Petitioner's plea agreement," but he acknowledges that his removal proceedings began in May 1999, some 17 years ago. Petitioner has not demonstrated that he diligently pursued his federal claims during the lengthy period between the expiration of the limitations period in 1999 and the date the Petition was filed. In the absence of any basis for applying statutory or equitable tolling, the expiration of the limitations period bars review of the merits of Petitioner's § 2254 claims.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be dismissed for lack of jurisdiction as to Petitioner's claims seeking cancellation of an order of removal. It is further recommended that, to the extent Petitioner is challenging the validity of his 1998 Oklahoma convictions and sentences, the Petition, construed as a 28 U.S.C. § 2254 Petition, be dismissed without prejudice for lack of exhaustion and, alternatively, be dismissed with prejudice as time-barred.

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___September 21st___, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v.

United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   1st   day of   September  , 2016.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE