IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ONG VUE,                                )
                                        )
            Petitioner,                 )
vs.                                     )    NO. CIV-16-926-HE
                                        )
JOE M. ALLBAUGH, INTERIM                )
DIRECTOR OF OKLAHOMA                    )
DEPARTMENT OF CORRECTIONS,              )
                                        )
            Respondent.                 )

# ORDER

Petitioner Ong Vue, a state prisoner proceeding *pro se*, filed this action seeking habeas relief pursuant to 28 U.S.C. § 2241. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Gary M. Purcell. He has recommended that the petition be dismissed and petitioner has filed an objection.

The magistrate judge determined, based on the petition and public records of which he took judicial notice, that in May 1998 petitioner was convicted of first degree murder and two counts of shooting with intent to kill in the District Court of Cleveland County, Oklahoma. He currently is serving a sentence of life imprisonment for the murder conviction and two 20 year terms of imprisonment for the shooting with intent to kill convictions. Petitioner did not appeal the convictions and sentences, but in July 2016 applied for post-conviction relief in state court.[1] According to petitioner, he was placed in removal

---

[1]The court has taken judicial notice of the public records of the District Court of Cleveland County. See Okla. State Courts Network, State of Okla. v. Ong, Case No. CF-1997-628, District Court in and for Cleveland County, Oklahoma,

proceedings in August 1999 and the immigration judge ordered him to be removed to Thailand or, alternatively, to Laos. Petitioner did not appeal the immigration decision.

In his petition, petitioner seeks cancellation of the order for removal because, during his incarceration, "the state of his people, the Hmong, has not changed in Laos or Thailand"[2] and he has been rehabilitated. Doc. #1, p. 3. He also challenges his 1998 convictions and sentences. To the extent petitioner alleges that his state convictions and sentences are invalid, the magistrate judge determined that the petition should be construed as one seeking relief under 28 U.S.C. § 2254, rather than under § 2241.

The magistrate judge concluded that the court lacks jurisdiction to grant petitioner relief from the removal order because petitioner failed to appeal the 1999 immigration decision and thus had not exhausted his claim. Federal courts may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1); *see also* 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . . ."). The magistrate judge also noted that, even if exhausted, petitioner's claim would fail on the merits because his felony conviction prevents him from

---

http://www.oscn.net/applications/oscn/GetCaseInformation.asp?submitted=true&viewtype=caseGeneral&casemasterID=15101&db=Cleveland (as accessed Sept. 16, 2016).

[2]Petitioner asserts that during his incarceration the Laotian government has continued to persecute all ethnic groups, including the Hmong.

qualifying for cancellation of the final removal order. *See* 8 U.S.C. § 1229b(a)(3).

As for petitioner's request for relief under § 2554, the magistrate judge concluded that petitioner failed to exhaust his available remedies in state court. He also determined that the petition was untimely and that petitioner did not demonstrate the applicability of any statutory or equitable tolling exceptions to the one year limitations period.[3]

Petitioner objects to "all portions or every specified proposed finding." Doc. #7, p 1 n.1. He makes several arguments in his objection, but none of them cogently address the issues raised by the magistrate judge in his Report and Recommendation. Having conducted a de novo review of petitioner's claims, the court agrees with the magistrate judge that it lacks jurisdiction to review the removal decision and that petitioner's challenge under §2254 to his state convictions and sentences is untimely.

Accordingly, the court **ADOPTS** Magistrate Judge Purcell's Report and Recommendation. The habeas petition is **DISMISSED**. Specifically, petitioner's claim seeking relief from the removal order is dismissed for lack of jurisdiction. Petitioner's § 2254 claims are dismissed because they are barred by the statute of limitations. The court also **DENIES** a certificate of appealability as it finds petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[3]Under the Antiterrorism and Effective Death Penalty Act of 1996, a state prisoner has one year from the date his conviction becomes final in which to seek federal habeas relief. 28 U.S.C. § 2244(d)(1).

**IT IS SO ORDERED**.

Dated this 3rd day of October, 2016.

                                        JOE HEATON
                                        CHIEF UNITED STATES DISTRICT JUDGE